**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RANDALL THOMAS,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF HUMAN
SERVICES, et al.,

        Defendants.
_____/

CASE NO. 2:17-cv-11107

HON. MARIANNE O. BATTANI

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA
PAUPERIS* AND DISMISSING PLAINTIFF'S COMPLAINT *SUA SPONTE***

This matter is before the Court on Plaintiff Randall Thomas' Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915. The Court has reviewed Plaintiff's application and complaint. For the reasons that follow, Plaintiff's application is **GRANTED**, and his complaint is **DISMISSED WITHOUT PREJUDICE**.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who makes an affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. Prows v. Kastner, 842 F.2d 138, 140 (5th Cir. 1988). Plaintiff's claim of indigence is supported by his application. See Phipps v. King, 866 F.2d 824, 825 (6th Cir. 1988); Foster v. United States, 344 F.2d 698, 699-700) (6th Cir. 1965) (per curiam). Based on his affidavit, the Court concludes that paying the filing fee is beyond Plaintiff's means. Consequently, the

Court grants Plaintiff's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.

Although Plaintiff has established grounds for indigence, the action must be dismissed on the merits. The Court is not satisfied that it has jurisdiction over this matter. Plaintiff has not articulated in his complaint a sustainable federal claim to satisfy subject matter jurisdiction pursuant to 28 U.S.C. § 1331. He alleges to have brought claims under the Elliott Larsen Civil Rights Act and the Michigan Persons with Disabilities Civil Rights Act, which are both state law claims. Plaintiff indicated on his Civil Cover Sheet that he brought claims under the federal Americans with Disabilities Act and False Claims Act; however, there are no factual allegations supporting such claims. Further, Plaintiff has not demonstrated that there is complete diversity amongst the parties pursuant to 28 U.S.C. § 1332. To the extent that Plaintiff relies on factual allegations contained in his complaint submitted before the Michigan Department of Civil Rights, the Court does not have access to this document nor has it been attached as an exhibit to the present complaint. Accordingly, Plaintiff's complaint must be dismissed without prejudice.

**IT IS SO ORDERED.**

Date: April 18, 2017
s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 18, 2017.

                                                    s/ Kay Doaks
                                                    Case Manager